■ MEYER H. LIPSCHUTZ et al., Respondents, v. HYMAN KRINOVITZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, entered in Clinton County on June 24, 1955. Plaintiffs cross-appeal on the grounds of inadequacy. On May 26, 1951, plaintiffs and defendant entered into an agreement in writing whereby plaintiffs purchased from defendant a partially constructed house and the defendant agreed to complete the house and to comply with certain extra specified details, for a price of $17,000. By the terms of the contract the defendant "hereby guarantees all construction to be sound and workmanlike and to remedy at his own cost and expense all defects occurring within one year from the date of these presents". Plaintiffs brought this action seeking to recover the sum of $2,500 as damages for alleged failure of defendant to complete certain items, for defective construction, and for failure to furnish marketable title in that certain assessments for sidewalk and curb construction were liens upon the premises. Defendant counterclaims for the materials and labor alleged to have been furnished beyond the requirements of the contract. Voluminous evidence as to alleged incomplete items and defective construction was taken, presenting only questions of fact. The Official Referee has found that the defendant failed to perform all the conditions of the agreement on his part, and that plaintiffs sustained damages by reason thereof in the sum of $1,068. Deducting the sum of $318 found to be due and unpaid on the purchase price, judgment was directed for the plaintiffs in the sum of $750, and the counterclaim was dismissed. We think the Official Referee who heard the witnesses and inspected the premises has fairly determined the issues of fact and that the evidence sustains the

findings. While the findings of fact are couched in very general terms, it does not appear that appellant's counsel submitted proposed findings for detailed rulings, nor does it appear that any motion was made for more specific findings. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [See *post*, p. 929.]